## West Estate

*Edward Foulke*, for accountant.

TAXIS, P. J., October 15, 1956.—The accountant was appointed guardian of the estate of this incompetent by the Common Pleas Court of Montgomery County

on September 8, 1954. A petition seeking approval of the sale by an interim accounting was filed with the common pleas. By decree of the common pleas dated May 1, 1956, the matter was ". . . transferred to the orphans' court pursuant to section 301 (4.1) of the Orphans' Court Act of 1951, as amended, and that court hereafter shall have exclusive jurisdiction thereof." * This transfer represents the policy recently adopted by the courts of Montgomery County whereby incompetents' estates presently within the jurisdiction of the common pleas upon the occasion of an interim proceeding of any nature are to be transferred to the orphans' court, upon petition filed with the common pleas. The orphans' court thereafter exercises exclusive jurisdiction thereof. . . . .

The accounting is filed because of the sale of real estate as directed by the court of common pleas by its decree dated December 15, 1955. On June 28, 1956, the orphans' court appointed Milton Jacobson, Esq., guardian ad litem for the incompetent.

Since this is an interim accounting by the guardian,

---

* IN THE COURT OF COMMON PLEAS OF
MONTGOMERY COUNTY, PENNSYLVANIA

No. 592, June Term, 1954

IN RE: ESTATE OF GRACE B. WEST
(An Alleged Weak-Minded Person)

DECREE

AND NOW, this 1st day of May, 1956, the above captioned matter is forthwith transferred to the Orphans' Court pursuant to Section 301 (4.1) of the Orphans' Court Act of 1951, as amended, and that court hereafter shall have exclusive jurisdiction thereof.

The Prothonotary is directed to transmit all papers to the Clerk of the Orphans' Court upon payment of record costs.

BY THE COURT:

WILLIAM F. DANNEHOWER, J.

direction or authorization by the court for the filing of such accounting should have been obtained as required by section 601 of the Incompetents' Estates Act of February 28, 1956, P. L. (1955) 1154. Section 601 makes it clear that interim accounts before death or restoration of competency should be filed only when "directed or authorized by the court". However, since this is the first interim accounting in an incompetent's estate under the new law, the guardian's request that the guardianship be transferred to orphans' court was based on its belief that an interim accounting of the proceeds of the sale of real estate was desirable. Had such authorization been sought in these circumstances such authorization would have been granted. The authorization required by section 601 of the Incompetents' Estates Act of 1955 is hereby granted nunc pro tunc. Henceforth, however, such authorization must be obtained before an interim accounting may be filed. Cf. sections 1081, 981, and 701 of the Fiduciaries Act of April 18, 1949, P. L. 512.

At the time authorization to file an interim account is requested the guardian's petition should likewise indicate whether a guardian ad litem for its ward need be appointed and should set forth any reasons requiring such appointment, for a guardian has the duty of advising the court of any possible controversy pertaining to the account.

The accountant claims three percent interim commissions on principal real estate ($50,000 proceeds sale of real estate). There was no objection to the allowance of the commissions as interim commissions and since they must be considered as having been paid on account of the total compensation at the time of the termination of the guardianship the commissions are allowed as requested. Cf. Mifflin Trust, 4 Fiduc. Rep. 275. The Act of May 1, 1953, P. L. 190, applies to guardians of the estates of incompetents. . . .